[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16139
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-01445-CV-T-30-TGW

MOHAN THAMPI,

Plaintiff-Appellant,

versus

MANATEE COUNTY BOARD OF COMMISSIONERS,
as the body corporate governing Manatee County,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 30, 2010)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Mohan Thampi appeals the magistrate judge's grant of summary judgment in favor of Manatee County Board of Commissioners ("Manatee").[1] Thampi argues that the magistrate erred by (1) finding that he failed to properly plead his claim that Manatee retaliated against him for filing the instant lawsuit, (2) finding that being listed as a potential witness in an internal discrimination investigation did not constitute speech protected by the First Amendment or activity protected by Title VII's opposition clause, and (3) failing to recuse himself pursuant to 28 U.S.C. § 455. For the reasons set forth below, we affirm.

## I.

Thampi, who was employed as Manatee's Projects and Engineering Manager, was terminated on February 12, 2007, by his supervisor, Tim Hochuli. Thampi filed a third amended complaint against Manatee, asserting a procedural due process claim ("Count 1"), a First Amendment retaliation claim ("Count 2"), and a Title VII retaliation claim ("Count 3"). Counts 2 and 3 were based on Thampi's allegation that he was terminated because he was listed as a witness in an internal discrimination complaint filed by a former co-worker, Delores Crockett. Thampi also alleged that, "in further retaliation for . . . exercis[ing] his First Amendment rights for being a witness . . . [Manatee] used derogatory, false, and/or

---

[1]The parties consented to have all dispositive motions resolved by a magistrate judge.

distorted information designed to derail [his] job offer with Sarasota County." In response to a motion for summary judgment filed by Manatee, the magistrate dismissed Count 1.

Thampi filed a motion to compel discovery, asserting that Manatee had failed to respond to his discovery requests and engaged in an *ex parte* communication with the magistrate's law clerk. At a case management conference, the magistrate stated that communications with a law clerk do not "mean anything," and that "the only thing that counts" was a written order. Thampi's counsel requested an additional 90 days to file amendments to the pleadings, which the magistrate granted after stating that he "d[id not] care" that Thampi should have received discovery earlier. The magistrate also granted, in part, Thampi's motion to compel discovery.

Manatee filed a motion for summary judgment with respect to Counts 2 and 3 of Thampi's third amended complaint. Manatee argued that simply being listed as a possible witness on an internal complaint did not constitute "speech" for First Amendment purposes or "opposition" under Title VII. Manatee acknowledged that it provided reference information to Sarasota County ("Sarasota"), but it contended that the two employees who served as references for Thampi had no knowledge of Thampi's lawsuit when they provided the references, and it provided

Thampi's personnel records in response to a public records request.

The evidence showed that Thampi was listed as a witness in a January 19, 2007, internal discrimination complaint that Crockett had filed against Hochuli. A February 2, 2007, notice sent to Hochuli stated that an employee in his department had filed a complaint of illegal harassment or discrimination, but did not identify the complainant or any witnesses. On March 1, 2007, Thampi provided a statement to Manatee's human resources investigators in connection with the Crockett investigation.

Thampi stated that Crockett informed him around January 4, 2007, that she had listed him as a witness in her discrimination complaint against Hochuli. Thampi told Crockett "try to leave me out of this," although he subsequently agreed to allow Crockett to list him as a witness. Hochuli stated that he had never seen Crockett's complaint, but he received a final report, which contained a list of witnesses, including Thampi. Dale Garcia, Manatee's Senior Human Resources Manager, never informed Hochuli who Crockett had listed as a witness in her complaint, and Garry Dye, Manatee's Director of Human Resources, never discussed Crockett's complaint with anyone outside of human resources.

Dan Gray and John Zimmerman stated that Jody Kirkman, an employee of Sarasota, called them in September 2007, because Thampi had listed them as

4

professional references. When they spoke with Kirkman, neither Gray nor Zimmerman were aware that Thampi had filed a lawsuit against Manatee. Kirkman stated that he obtained Thampi's personnel files from Manatee and recalled seeing a "Google search" printout that referenced a lawsuit Thampi had filed against Manatee. Kirkman did not know whether the Google search was conducted by Manatee's or Sarasota's human resources department.

Thampi filed a motion for partial summary judgment, arguing that his "participation as a witness" in the Crockett investigation constituted "speech" protected by the First Amendment. Thampi stated that his speech involved a matter of public concern, because it involved racial discrimination by a governmental body. Thampi contended that a causal connection between his being listed as a witness and his termination was established by temporal proximity and the fact that Manatee's human resources employees knew about his status as a witness in the Crockett complaint. Thampi contended that Manatee took adverse employment actions against him because he served as a witness in the Crockett investigation, filed an EEOC charge, and filed the instant lawsuit.

The magistrate granted Manatee's motion for summary judgment. The magistrate found that Thampi did not engage in speech protected by the First Amendment because Thampi did not intend to speak when his name was placed on

5

Crockett's internal complaint form. He noted that, even if Thampi did speak, the speech was not "on a matter of public concern." The magistrate also pointed out that there was no evidence that Hochuli was aware of Thampi's connection to Crockett's complaint when Thampi was terminated.

The magistrate noted that Thampi mentioned in his response to Manatee's motion for summary judgment that Manatee retaliated against him for filing the instant lawsuit; however, he declined to consider this claim, because it was not set forth in Thampi's third amended complaint and, therefore, was not properly pled. Based on these findings, the magistrate dismissed Count 2 of Thampi's third amended complaint.

With respect to Thampi's Title VII retaliation claim, the magistrate found that simply being listed as a witness in Crockett's discrimination complaint did not fall within the scope of Title VII's opposition clause. The magistrate further found that Thampi failed to show a causal connection between his termination and his being listed as a witness, because there was no evidence that Hochuli was aware of Thampi's status as a witness when he terminated Thampi. The magistrate again noted that Thampi abandoned any claim that Manatee retaliated against him based on the filing of the instant lawsuit, because he failed to raise this claim in his third amended complaint. Accordingly, the magistrate granted Manatee's motion for

summary judgment and dismissed Counts II and III of Thampi's third amended complaint.

## II.

### A.    *Retaliation Claims Based on the Filing of the Instant Lawsuit*

"[We] review[] a district court's grant of summary judgment *de novo*." *Galvez v. Bruce*, 552 F.3d 1238, 1241 (11th Cir. 2008). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and compels judgment as a matter of law." *Swisher Intern., Inc. v. Schafer*, 550 F.3d 1046, 1050 (11th Cir. 2008), *cert. denied*, 130 S.Ct. 71 (2009); Fed.R.Civ.P. 56(c).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(a)(2), (d)(1). Recently, we have recognized a tightening of liberal pleading standards, such that "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *American Dental Ass'n v. Cigna Corp.*, No. 09-12033, manuscript op. at 10 (11th Cir. May 14, 2010), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); compare *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct.

7

992, 998, 152 L.Ed.2d 1 (2002) ( finding that the petitioner's complaint satisfied Rule 8(a)'s pleading requirements "because it g[ave] respondent fair notice of the basis for petitioner's claims"). However, even the liberal pleading standard set forth in *Swierkiewicz* "does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage." *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004). "A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Id.* at 1315.

A review of Thampi's third amended complaint shows that Thampi failed to allege retaliation based on the filing of his lawsuit. In fact, Thampi alleged in his third amended complaint that Manatee provided false and damaging information to Sarasota in retaliation "for being a witness." If Thampi believed that Manatee had provided this information in retaliation for filing his lawsuit, he could have included this in the third amended complaint. Thampi's third amended complaint fails to satisfy even the liberal pleading requirement of *Swierkiewicz*, because it fails to give Manatee any notice that Thampi will be pursuing a claim of retaliation based on the filing of the lawsuit. *See Swierkiewicz*, 534 U.S. at 514, 122 S.Ct. at 998. Even Thampi's motion for leave to file his third amended complaint contains no mention of retaliation based on the filing of the instant lawsuit. Furthermore, although Thampi raised the issue in his memorandum of law in support of his

8

motion for summary judgment, new claims may not be raised at the summary judgment stage, unless the plaintiff seeks to amend his complaint in accordance with Rule 15(a). *See Gilmour*, 382 F.3d at 1314-1315. Thampi contends that the district court should have allowed him to pursue his claims of retaliation based on the filing of the lawsuit, because Manatee responded to the merits of the claims. However, Thampi cites no case law in support of this assertion, and *Gilmour* specifically provides that plaintiffs may not raise new claims at the summary judgment stage. *See Gilmour*, 382 F.3d at 1314-15. Accordingly, because Thampi never amended his complaint to include a claim of retaliation based on the filing of his lawsuit, such a claim was not properly pled, and the magistrate did not err in granting summary judgment in favor of Manatee on this claim.

### B. *Retaliation Claims Based on Thampi Being Listed as a Witness*

As an initial matter, Thampi's argument focuses on whether his being listed as a witness in Crockett's complaint constituted protected speech under the First Amendment or protected conduct under Title VII. Thampi fails to argue and, therefore, has abandoned any argument, that he was retaliated against based on the actual statements he provided to investigators in March 2007. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 972 (11th Cir. 2008) ("It is well settled in this circuit that an argument not included in the appellant's opening brief

is deemed abandoned"). Thampi has also abandoned any claim that his being listed as a witness in Crockett's internal complaint constitutes protected activity under Title VII's participation clause. *See Davis*, 516 F.3d at 572.

### i. *First Amendment Retaliation*

To prevail on a First Amendment retaliation claim, "a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). For an employee's speech to warrant First Amendment protection, "the employee must have (1) spoken as a citizen and (2) addressed matters of public concern." *Boyce v. Andrew*, 510 F.3d 1333, 1341 (11th Cir. 2007). "Deciding whether a government employee's speech relates to his or her job as opposed to an issue of public concern must be determined by the content, form, and context of a given statement." *Id.* at 1343 (quotation omitted). We have held that, where an employee's concerns about sexual harassment focused on the conditions of her own employment and were not spoken in public, but instead, were made in the form of a complaint to an official body, the speech was not a matter of public concern. *See Morgan v. Ford*, 6 F.3d 750, 755 (11th Cir. 1993).

10

Thampi's being listed as a witness in Crockett's complaint does not constitute speech protected by the First Amendment for two reasons. First, Thampi did not "speak" on any matter. When he was informed that Crockett had listed him as a witness, Thampi did not express any opinion on the merits of Crockett's complaint or indicate what he would tell investigators. In fact, he initially asked Crockett to "leave [him] out of this." Second, even if simply being listed as a witness constituted "speech," it is impossible to say that the speech was on an issue of public concern. *Boyce* instructs courts to examine the content, form, and context of a given statement to determine if the speech involves an issue of public concern. *See Boyce*, 510 F.3d at 1343. Here, there is no content, form, or context to examine, because Thampi had not spoken at the time that he was terminated. Even if one could assume that Thampi would testify in Crockett's favor, the testimony would be given in private and would focus on a co-worker's conditions of employment. Thus, the speech would not involve a matter of public concern. *See Morgan*, 6 F.3d at 755.

Thampi would not be entitled to relief on his First Amendment retaliation claim, even if his being listed as a witness constituted speech protected by the First Amendment, because he failed to show that he was terminated in retaliation for his willingness to serve as a witness in the Crockett investigation. *See Bennett*, 423

11

F.3d at 1250. In his deposition, Hochuli stated that he had never seen Crockett's complaint, although he received a final report containing a list of witnesses. This final report would not have been compiled until well after Thampi was terminated, as the investigation into the complaint continued at least through March 2007, when Thampi was interviewed by investigators. Furthermore, Garcia and Dye both stated that they never informed Hochuli of the identity of the witnesses listed in the Crockett complaint. Thampi cites no evidence rebutting these statements. Accordingly, because Thampi's being listed as a witness does not appear to constitute "speech" protected by the First Amendment, and because Thampi failed to establish a causal connection between his being listed as a witness and his termination, the magistrate did not err in granting Manatee's motion for summary judgment on Thampi's First Amendment retaliation claim. *See Bennett*, 423 F.3d at 1250.

### *ii.* *Title VII's Opposition Clause*

Under Title VII's opposition clause, an employer may not retaliate against an employee because the employee has opposed an unlawful employment practice. *EEOC v. Total Sys. Serv., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000); *see* 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation under Title VII, a plaintiff may show that: (1) he participated in an activity protected by Title VII;

12

(2) he suffered an adverse employment action; and (3) there was a causal connection between the participation in the protected activity and the adverse employment decision. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon v. BellSouth Telecomm., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002). Close proximity in time between the protected activity and the adverse employment action "is insufficient to create a genuine issue of fact as to causal connection when there is unrebutted evidence that the decision-maker did not have knowledge that the employee engaged in protected conduct." *Brungart v. BellSouth Telecomm., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000).

Manatee does not dispute that Thampi's termination constituted an adverse employment action. However, Thampi has not engaged in activity protected by Title VII's opposition clause. Thampi at first protested being listed as a witness, asking Crockett to "try to leave [him] out of this," although he eventually agreed to the listing. Furthermore, there is no evidence that Thampi, at any time prior to his termination, told Crockett or any other Manatee employee the nature of his proposed testimony. Although "opposition" does not require "active, consistent

13

behavior," it requires at least the disclosure of an individual's position or opinion on a matter. *Crawford v. Metro. Gov't of Nashville and Davidson County*, 555 U.S. __, 129 S.Ct. 846, 851, 172 L.Ed.2d 650 (2009) (holding that "'[o]ppose' goes beyond 'active, consistent' behavior" and includes instances in which an individual "has taken no action at all to advance a position *beyond disclosing it*") (emphasis added). Thus, simply being listed as a witness on an internal complaint form, without actively volunteering to serve as a witness or offering some indication of the nature of the proposed testimony does not constitute "opposition" under Title VII.

Nevertheless, even if Thampi's being listed as a witness on Crockett's complaint constituted "opposition," he has failed to establish a *prima facie* case of retaliation, because he failed to show a causal connection between his being listed as a witness and his termination. *See Crawford*, 529 F.3d at 970. Although Thampi was terminated only weeks after he was listed as a witness, he presented no evidence establishing that Hochuli knew, when he terminated Thampi, that Thampi was listed as a witness in Crockett's complaint. *See Shannon,* 292 F.3d at 716; *Brungart*, 231 F.3d at 799. As discussed above, all of the evidence submitted to the magistrate indicates that Hochuli was unaware that Thampi was listed as a witness at the time he terminated Thampi. Because Thampi has failed to show a

14

causal connection between his being listed as a witness in Crockett's complaint and his termination, he failed to establish a *prima facie* case of retaliation under Title VII. Accordingly, the magistrate did not err in granting summary judgment in favor of Manatee on this claim.

### C.    Magistrate's Failure to Recuse

Generally, we review a magistrate's decision not to recuse himself under 28 U.S.C. § 455 for an abuse of discretion. *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1319-20 (11th Cir. 2002). However, where a party fails to seek recusal of the magistrate in the district court, we review the magistrate's decision not to recuse himself for plain error. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). Under plain error review, the party raising the issue has the burden to show that (1) there is error (2) that is plain (3) that affects a defendant's substantial rights and (4) "not correcting the error would seriously affect the fairness of the judicial proceeding." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

Under 28 U.S.C. § 455, a magistrate should disqualify himself if his "impartiality might reasonably be questioned," or if the magistrate "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial

15

sources . . . and must be focused against a party to the proceeding." *Hamm*, 708 F.2d at 651. "An exception to that rule is made when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Id.* "Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." *Id.*

As an initial matter, because Thampi did not seek recusal of the magistrate judge, we review Thampi's bias argument for plain error. *See Hamm*, 708 F.2d at 651. Thampi's claims of bias rest upon (1) Manatee's *ex parte* communication with the magistrate's law clerk, and (2) the magistrate's "hostile" statements made at the case management conference. Thampi's claims fail for several reasons. First, Thampi cites no binding case law providing that a magistrate must recuse himself if one party engages in an *ex parte* communication with the magistrate's law clerk. *See United States v. LeCroy*, 441 F.3d 914, 930-31 (11th Cir. 2006) (providing that an error is not plain if there is no relevant case law). Second, the magistrate's comments at the case management conference did not "demonstrate . . . pervasive bias and prejudice." *See Hamm*, 708 F.2d at 651. Thampi cites two instances in which the court responded "I don't care" and "I don't really care" when his attorney stated that he had been put at a disadvantage. However, two

comments demonstrating "friction between the court and counsel" do not constitute "pervasive bias." *See id.* Finally, Thampi failed to show that either of the two alleged errors affected his substantial rights. *See Farley*, 197 F.3d at 1329. The magistrate's comments at the case management conference were made in response to Thampi's request for a 90-day extension of the period in which to file amendments. Ultimately, the magistrate granted this request. The magistrate also granted, in part, Thampi's motion to compel discovery, ordering that Manatee provide the discovery Thampi had requested. Thampi does not allege that he was prejudiced by any of the magistrate's rulings. Accordingly, the magistrate did not plainly err in failing to recuse himself, and we affirm the grant of summary judgment in Manatee's favor.

**AFFIRMED.**